UNITED STATES of America, Plaintiff–Appellee,

v.

Miguel Angel GONZALEZ–VARGAS, Defendant–Appellant.

No. 05–40034.
Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided March 2, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney'S Office, Southern District of Texas, Houston, TX, Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before HIGGINBOTHAM, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Miguel Angel Gonzalez–Vargas appeals his sentence from a guilty-plea conviction for reentry of a deported alien. *See* 8 U.S.C. § 1326(b)(1). Gonzalez–Vargas argues that his sentence should be vacated and remanded because the district court sentenced him under a mandatory Guideline scheme held unconstitutional in *United States v. Booker*, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005).

As the Government concedes, Gonzalez–Vargas's "Fanfan" claim is reviewed for harmless error. *See United States v. Walters*, 418 F.3d 461, 464 (5th Cir.2005). The instant record fails to provide clear commentary from the district court regarding whether it would have imposed the same sentence under a post-*Booker* environment. *See id.* Accordingly, the district court's "Fanfan" error was not harmless on the instant record. *See id.*

Gonzalez–Vargas also challenges the constitutionality of 8 U.S.C. § 1326(b). His constitutional challenge is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Gonzalez–Vargas contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez*, 410 F.3d 268, 276 (5th Cir.), *cert. denied*, —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Gonzalez–Vargas properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit

---

precedent, but he raises it here to preserve it for further review.

We VACATE Gonzalez–Vargas's sentence and REMAND for resentencing.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.